NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANGEL FERNANDO CALDERA, *Appellant.*

No. 1 CA-CR 24-0326

FILED 04-01-2025

Appeal from the Superior Court in Mohave County
No. CR2023-00536
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Offices of Stephanie K. Bond, PC, Tucson
By Stephanie K. Bond
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Deborah Celeste Kinney
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

¶1        Angel Fernando Caldera appeals his conviction and sentence for manslaughter. We affirm.

### FACTS[1] AND PROCEDURAL BACKGROUND

¶2        At the beginning of May 2023, Caldera rented a room to the victim, his childhood friend. But according to Caldera, the friendship soon devolved into disagreements, and by mid-May, he ordered the victim to leave. When the victim returned a few days later to retrieve his belongings, a scuffle ensued, ending with Caldera shooting and killing the victim.

¶3        The State indicted Caldera on one count of second-degree murder, a Class 1 felony. Caldera claimed he was not guilty because he acted in self-defense. As part of his justification defense, at the trial, Caldera revealed his plan to argue the victim, who was typically a calm person, was acting more aggressively on the day of the incident because he had drugs in his system. While the court did not admit the victim's post-mortem toxicology report, it did allow testimony revealing the victim used drugs.

¶4        The jury acquitted Caldera of second-degree murder but found him guilty of the lesser-included offense of manslaughter. The jury also found the State had proved the offense was dangerous and the victim's immediate family suffered physical, emotional, or financial harm.

¶5        The court sentenced Caldera to 15 years in prison. Caldera timely appealed his conviction and sentence. We have jurisdiction under Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]        We view the facts in the light most favorable to upholding the verdict. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

**DISCUSSION**

**¶6** We review the superior court's evidentiary rulings for an abuse of discretion, *State v. Fish*, 222 Ariz. 109, 114, ¶ 8 (App. 2009), and "give[] deference to the trial court's determination of relevance," *State v. Rose*, 231 Ariz. 500, 513-14, ¶¶ 62-63 (2013). If a discretionary decision is based on an error of law or lacks evidentiary support, the court has abused its discretion. *Fish*, 222 Ariz. at 114, ¶ 8; *State v. Johnson*, 247 Ariz. 166, 195, ¶ 93 (2019).

**A. The Court Did Not Abuse Its Discretion by Finding the Report Irrelevant.**

**¶7** Generally, evidence of a person's other crimes, wrongs, or acts (specific act evidence) is inadmissible to prove a victim's character or that he or she acted in conformity with those acts. *Fish*, 222 Ariz. at 117, ¶¶ 20-21; Ariz. R. Evid. 404(b)(1). A court may admit such evidence for other purposes, but even then, if its probative value is substantially outweighed by the risk of unfair prejudice, the court may exclude it. Ariz. R. Evid. 404(b)(2); Ariz. R. Evid. 403.

**¶8** An exception to the general rule exists if the defendant claims self-defense, which allows a defendant to offer the victim's prior acts to show he or she reasonably feared for his or her safety and used a reasonable degree of force considering that fear. *Fish*, 222 Ariz. at 121, ¶ 37. But if the defendant was unaware of the victim's prior acts during the incident, those acts could not have made the defendant fear for his or her safety and are thus inadmissible. *Id.* at 122, ¶¶ 37-38; *see also State v. Zaid*, 249 Ariz. 154, 158, ¶ 12 (App. 2020) (A defendant may support his claim of self-defense with evidence of the victim's specific instances of conduct "only if the defendant knew of them," or to show motive, opportunity, intent, or another purpose. (quoting *State v. Connor*, 215 Ariz. 553, 559, ¶ 13 (App. 2007)).

**¶9** Caldera argues the court should have admitted the toxicology report showing the victim had methamphetamine in his system at the time of his death. Caldera contends the report was admissible because he had reason to believe the victim was using methamphetamine. And he elicited testimony on cross from the State's witness that using methamphetamine could make an individual more aggressive, and he could provide expert testimony about methamphetamine use and aggression.

**¶10** But Caldera's arguments cannot establish admissibility. For the report to be relevant, Caldera needed to show he knew the victim was

using the drugs at the time of the incident, the victim's drug use was connected to his prior violent acts, and because of these prior acts, Caldera reasonably feared for his life. *See Fish*, 222 Ariz. at 121, ¶¶ 36-37. But Caldera simply argued he had reason to know the victim was on drugs. Caldera never argued the victim's drug use made him fear for his life.

¶11        Nor has he shown he knew, at the time of the altercation, that methamphetamine use could make an individual more aggressive. And even if he had made such an argument, he would need to show he knew the victim himself tended to be more aggressive when using the drug, as the admissibility relates to the "*Victim's* prior violent acts." *Fish*, 222 Ariz. at 122, ¶ 38 (emphasis added). Put simply, drug usage alone is not enough to qualify as a victim's prior *violent* or *aggressive* act. That reasoning is exactly why the court did not admit the report, stating, "there's no evidence . . . that [Caldera] was aware that the victim . . . is acting differently because he had drugs in his system or was acting aggressively[] because he had drugs in his system. So . . . I don't find it relevant at this point." We find no abuse of discretion.

**B.      Assuming It Was Error to Exclude the Report, the Error Was Harmless Beyond a Reasonable Doubt.**

¶12        Even if we concluded the toxicology report was relevant, Caldera was not harmed by its suppression. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005) (Courts review trial error under the harmless-error standard when the objection is preserved.). Whether an error is harmless is a fact-specific inquiry that must be evaluated in light of the totality of properly admitted evidence. *State v. Fulminante*, 193 Ariz. 485, ¶ 50 (1999). In performing this inquiry, a court looks at whether the verdict rendered in the trial was "surely unattributable to the error." *State v. Romero*, 240 Ariz. 503, 507, ¶ 7 (App. 2016) (quotation omitted). And the "State has the burden of convincing us that any error was harmless." *State v. Anthony*, 218 Ariz. 439, 446, ¶ 39 (2008). There is a list of factors to analyze when determining whether an error is harmless, two of which are relevant here: whether the party could present the substance of the claim or defense, and if other evidence of the defendant's guilt was overwhelming. *Romero*, 240 Ariz. at 508, ¶ 8.

¶13        At the trial, the jurors received ample evidence of the victim's drug use. Both Caldera and his roommate testified that the victim used drugs while living in their house. And the State stipulated that pills and foil with burnt residue were found in the victim's bedroom, and pills were found in the victim's car. This uncontested evidence supported Caldera's

closing argument that "[h]e was being attacked by someone he believed was on drugs." Given the evidence and argument before us, we cannot say the lack of the toxicology report significantly affected Caldera's ability to present his defense. *See Romero*, 240 Ariz. at 510, ¶ 15 ("Whether an error is harmless may also be considered in the context of a party's ability to present the substance of his claim or defense.").

**¶14**        This conclusion is especially true given the evidence contradicting Caldera's self-defense claim. *Romero,* 240 Ariz. at 508, ¶ 8-9 (Not all harmless error factors will apply or carry the same weight, and overwhelming evidence "alone may be dispositive.") Caldera admitted that although the victim threatened to stab him, he did not see a weapon and that he shot the victim at least five times. Further, Caldera's neighbor testified that Caldera told him a different version of events, stating the two were arguing over rent and that he shot the victim in response to him asking, "[w]hat are you going to do about it?" *Cf.* A.R.S. § 13-405 (A person is justified in using deadly physical force to protect himself against the other's use of unlawful physical deadly force to the extent that a reasonable person would believe it necessary.). Given the strength of the State's case, we can say beyond a reasonable doubt that any alleged error did not affect the verdict. *Romero*, 240 Ariz. at 507, ¶ 7 ("We must be confident beyond a reasonable doubt that the error had no influence on the jury's judgment." (quotation omitted)).

**CONCLUSION**

**¶15**        We affirm Caldera's conviction and sentence.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR